IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CR-362-H-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DERVIN PAUL FRANCIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for a preliminary examination of the government's motion for revocation of Defendant's supervised release [DE-34] and for a hearing on the government's motion to detain Defendant pending further proceedings. In support of its motions for revocation and detention, the government offered the testimony of United States Probation Officer (USPO) Daniel Heimrick. Defendant presented his sister, Jane Edmond, as a proposed third-party custodian.

The government alleges Defendant has violated supervised release conditions by his criminal conduct. Specifically, the government alleges Defendant committed the offenses of robbery with a dangerous weapon and possession of stolen goods on June 4, 2020, in Cumberland County, North Carolina. *Id.* USPO Heimrick testified that he has been supervising Defendant in this case since May 2020. Heimrick testified further that according to his conversations with Fayetteville Police Detectives, on June 4, 2020 Fayetteville Police received a report of an armed robbery at a Motel 6 in Fayetteville. A victim was identified as Gary Jones, who reported that Defendant had struck him on his head with a firearm and robbed him of two bank cards. Jones was familiar with Defendant, was able to identify Defendant in a photo by an alias, and was able to identify the room in which Defendant was staying at the motel. A motel employee, Leggett, reportedly saw the incident and attempted to pull Jones into the motel lobby at some point during or after the incident. Leggett was

unable to identify Defendant through a photograph as the attacker.

According to counsel's proffer, Defendant has been in custody following the alleged incident. According to Heimrick and as further proffered by counsel, Jones had ended his cooperation in the prosecution of the charges against Defendant in the state court and "dropped the charges" against Defendant on June 30, 2020, although the case has not been dismissed.

The court finds the testimony offered by USPO Heimrick to be credible and reliable. Having considered the testimony, the court finds the credible information presented at the hearing establishes probable cause to support the government's motion. As stated during the hearing, Jones' purported withdrawal of his participation in the prosecution of state charges has no effect on the finding of probable cause before this court. In addition, having considered the record pursuant to 18 U.S.C. § 3143(a)(1), the court finds Defendant has failed to establish by clear and convincing evidence that he will not pose a danger to the community or a risk of non-appearance as required by Fed. R. Crim. P. 32.1(a)(6), based on the following principal findings and reasons: (1) the strength of the government's case and the nature of the alleged violations, (2) earlier court action apparently while residing with his proposed third-party custodian, and (3) for other findings and reasons stated in open court. The court has considered in mitigation the testimony of Ms. Edmund, but finds the risk of danger and nonappearance to be outweighed by the above-listed factors.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections

facility shall deliver Defendant to the United States Marshals for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 5th day of August 2020.

*[signature]*
Robert B. Jones, Jr.,
United States Magistrate Judge

3